## Maltais Unemployment Compensation Case.

Argued March 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Joseph A. Maltais,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WOODSIDE, J., March 24, 1960:

Joseph Maltais, the appellant in this case, was denied unemployment compensation by the Bureau of Employment Security, the referee and the Board of Review.

It appears from the evidence that the claimant left his employment in Pennsylvania to go to Canada for personal reasons. The employer testified that Maltais did not request a leave of absence, nor did he say when he intended to return. When he did return two weeks later and attempted to get back his job, he was told no work was available. The appellant contends that he "asked for permission to leave . . . was granted permission to leave . . . and did return after two weeks to resume" his employment. There is no doubt that he notified his employer of his intention to leave for Canada, but there is no evidence that he asked for a leave of absence or indicated how long he would be in Canada.

The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn from it are for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 403, 116 A. 2d 271 (1955).

The board found: "3. The claimant terminated his employment on June 26, 1958 because he was going to Canada for personal reasons. 4. The claimant was not laid off nor was he discharged and continuous employment was available for him had he desired to remain employed. 5. At the time the claimant terminated his

employment, he did not request a leave of absence nor did he advise his employer as to when he was going to return to work."

On the basis of these findings, the board properly concluded that the claimant's unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature and that he was therefore ineligible for compensation under the provisions of Section 402(b) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §802(b).

Decision affirmed.